IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH WATFORD, | * |
| Plaintiff, | * |
| v. | * Civil No. **19-3124 PJM** |
| UNITED STATES OF AMERICA, | * |
| Defendants. | * |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on a motion for the return of *pro se* Plaintiff Kenneth Watford's property seized during the execution of search warrants at his residence and storage unit, as well as two cellphones seized incident to his arrests in 2012 and 2013. Watford is currently incarcerated at FCI Terre Haute and scheduled for release around August 9, 2023.

On April 16, 2015, in case number 12-cr-623-PJM, a jury convicted Watford on 12 counts, including conspiracy to commit wire fraud, wire fraud, aggravated identity theft, and access device fraud. On October 15, 2015, the Court sentenced Watford to 135 months of imprisonment and 5 years of supervised release, in addition to ordering a special assessment of $1,200 and restitution of $14,254.54. No forfeiture order was entered as part of the sentence. On October 29, 2019, Watford filed the present complaint seeking the return of his seized property.[1]

Federal Rule of Criminal Procedure 41(g) governs motions seeking the return of seized property that was not forfeited. That rule provides in part that if the court grants such a motion, it

---

[1] Watford filed a similar complaint motion in 2015, shortly after he was sentenced. *See* Compl., *Watford v. United States*, No. 15-cv-3756-PJM (D. Md. Dec. 7, 2015), ECF No. 1. The Court summarily denied the motion and dismissed the case with prejudice. Order (May 10, 2016), ECF No. 2. Watford appeal the dismissal, and the Fourth Circuit summarily affirmed. Judgment of USCA (Nov. 22, 2016), ECF No. 8. In light of the Government's response here, the Court finds it proper to consider this successive request notwithstanding its earlier denial.

"must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Rule 41(g). That said, the court "properly denies a motion of property if the [petitioner] lacks entitlement to 'lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues.'" *Hill v. United States*, 296 F.R.D. 411, 414 (E.D. Va. 2013) (quoting *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002)), *aff'd* 567 F. App'x 202 (4th Cir. 2014).

On October 26, 2020, the Government filed a response brief and declarations from the Montgomery County Police Department (MCPD), U.S. Postal Inspection Service (USPIS), and U.S. Secret Service (USSS) answering queries performed in response to Watford's complaint. The Government's response details specific items of property that remain in the possession of the MCPD that the Government believes "may be released to" Watford under Rule 41(g). Because some of those items contain personal identifying information of credit card–fraud and identity-theft victims, the Government states that Watford would "need to designate an authorized third-party representative to receive the return of the Seized Property to be Released on his behalf and provide contact information for such third-party representative" to the Government. The Government also lists (1) firearm and ammunition seized from Watford, which was not registered to him and which he is prohibited from possessing, and (2) items seized from Watford, including four computers and an iPhone, that the USPIS disposed of around July 29, 2019, and are therefore no longer available for return.

Accordingly, upon consideration of Watford's request (ECF No. 1) and the Government's response (ECF No. 6), it is, this 25 day of March 2021,

**ORDERED**

2

1. Watford's request is **DENIED** as to the seized firearm and ammunition because he is not the registered owner of the firearm and, in any event, he is prohibited from possessing firearms or ammunition under 18 U.S.C. § 922(g).

2. Watford's request is **DENIED** as to the seized computers and iPhone previously in the possession of the USPIS because that property was destroyed and is no longer available to be returned. *See* ECF No. 6, at 5–6.

3. Watford's request is **GRANTED** as to the remaining seized property, with the exception of any documents containing the personal identifying information of credit card–fraud and identity-theft victims. *See* ECF No. 6, at 4–5. Watford shall promptly provide to the Government in writing contact information as to a third-party designee (name, mailing address, and phone number) to receive the seized property to be released, in order that the Government can arrange the return of such property.

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE